1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD (SBN 257370)
*jfitzgerald@fmfpc.com*
MELANIE R. MONROE (SBN 275423)
*mmonro@fmfpc.com*
TREVOR FLYNN (SBN 253362)
*tflynn@fmfpc.com*
CAROLINE S. EMHARDT (SBN 321222)
*cemhardt@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741

**Counsel for Plaintiff**

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

LAURA WILLIS ALBRIGO, on behalf of herself, all others similarly situated, and the general public,

        Plaintiff,

    v.

SUNNY DELIGHT BEVERAGES CO.,

        Defendant.

Case No: **'24CV0403 CAB BLM**

CLASS ACTION

**COMPLAINT FOR VIOLATIONS OF CAL. BUS. & PROF. CODE §§ 17200 *et seq.*; CAL. BUS. & PROF. CODE §§ 17500 *et seq.*; CAL. CIV. CODE §§ 1750 *et seq.*; BREACH OF EXPRESS AND IMPLIED WARRANTIES; NEGLIGENT AND INTENTIONAL MISREPRESENTATION; AND UNJUST ENRICHMENT.**

DEMAND FOR JURY TRIAL

Plaintiff Laura Willis Albrigo, on behalf of herself, all others similarly situated, and the general public, by and through her undersigned counsel, hereby sues Defendant Sunny Delight Beverages Co. ("Sunny Delight"), and alleges the following upon her own knowledge, or where she lacks personal knowledge, upon information and belief, including the investigation of her counsel.

## **INTRODUCTION**

1.     Sunny Delight markets and sells an alcoholic spirit drink called Sunny D Vodka Seltzer (the "Seltzer"), in a variety of flavors, which is prominently labeled, "0g SUGAR."



2.     However, that claim is literally false. The Seltzer is actually sweetened with fruit juice and contains approximately 2 grams of sugar.

3.     Plaintiff therefore brings this action against Sunny Delight on behalf of herself and similarly-situated Class Members to enjoin Sunny Delight from deceptively marketing the Seltzer, and to recover compensation for injured Class Members.

1

**JURISDICTION & VENUE**

4.    This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2) (The Class Action Fairness Act) because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and at least one member of the class of plaintiffs is a citizen of a State different from Defendant.

5.    The Court has personal jurisdiction over Sunny Delight because it has purposely availed itself of the benefits and privileges of conducting business activities within California, specifically through distributing and selling the Seltzer in California, and the transactions giving rise to this action occurred in San Diego County, California.

6.    Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Sunny Delight resides (*i.e.*, is subject to personal jurisdiction) in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

**PARTIES**

7.    Plaintiff Laura Willis Albrigo presently resides and intends to continue to reside in San Diego County, California. Accordingly, she is a citizen of the State of California.

8.    Defendant Sunny Delight is a Florida corporation with its principal place of business in Stamford, Connecticut.

**FACTS**

**I.    THE SELTZER'S LABEL STATES THE PRODUCTS CONTAIN "0g SUGAR"**

9.    The Seltzer is sold in individual cans, as well as 4- and 8-pack containers.[1] In addition to the standard version, there are versions in at least Orange Strawberry, Tangy Orange, and Orange Pineapple flavors.

10.    As shown above, on the front of the Seltzer's packaging, the label prominently displays a circular graphic stating "0g SUGAR," which appears on the can itself.

---

[1] To the extent the Seltzer is sold in other containers, where those containers state "0g Sugar," this Complaint should be read to include, rather than exclude them.

*Willis Albrigo v. Sunny Delight Beverages Co.*
CLASS ACTION COMPLAINT

11. A Seltzer 8-pack packaging is depicted below.



## III. CONTRARY TO THE "0g SUGAR" CLAIM, THE SELTZER IS SWEETENED WITH FRUIT JUCE AND CONTAINS ABOUT 2g OF SUGAR

12. Defendant includes on its website an FAQ that says the Seltzer contains 95 calories, which come entirely from vodka and "fruit juice content."

**How many calories are in it?**

A 12 oz. can of SUNNYD Vodka Seltzer is 95 calories.

**Wait, didn't you just say there were 95 calories in it?**

Yes! The calorie content comes from the fruit juice content and the vodka - not from any added sugar.

13. Because there are 12 fluid ounces in each can, and 4.5% of that is alcohol by volume ("ABV"), one can calculate the amount of fruit juice content, and thus the sugar content in the Seltzer, as follows.

3

14.    Vodka has a standard ABV of 40 percent. It takes 1.35 ounces of vodka to yield the 4.5% total ABV of the 12 oz. Seltzer. There are 64 calories in a single fluid ounce of vodka, and therefore about 87 calories in 1.35 ounces of vodka. Accordingly, 8 calories out of the total 95 calories in the Seltzer must come from the "fruit juice content."

15.    The calories in fruit juice are mostly sugar. For example, an 8 oz. glass of orange juice contains 21g of sugar[2] and about 100 calories,[3] meaning the calories from orange juice are about 84% from sugar. Similarly, 1 cup of apple juice has 27g of sugar and 117 calories,[4] so about 92% of its calories are from sugar.

16.    Because there are 4 calories in a gram of sugar, and about 8 calories in the Seltzer from fruit juice, there are about 2g of sugar in the Seltzer, or slightly less depending on what fruit juice(s) Defendant uses. Defendant's representations that the Seltzer contains "0g Sugar" are literally false.

17.    Moreover, the Seltzer does not bear a nutrition facts box or any other indication of its actual sugar content.

18.    As a manufacturer of foods and alcoholic beverages with a global presence, Sunny Delight understands consumers have a strong aversion to sugar. According to an industry-oriented publication, Food-Navigator, consumers are becoming "increasingly aware of sugar content" and companies are increasingly using zero-sugar sweeteners in order attract more purchasers.[5] "Overall, the zero-sugar food and beverage markets are expected to grow

---

[2]    USDA FoodData Central, Orange Juice, *available at* https://fdc.nal.usda.gov/fdc-app.html#/food-details/516414/nutrients

[3] https://www.fatsecret.com/calories-nutrition/usda/orange-juice?portionid=43802&portionamount=8.000

[4] https://www.fatsecret.com/calories-nutrition/generic/apple-juice?portionid=20261&portionamount=1.000

[5] *Sugar reduction in 2024: How consumer demands, health policies will influence product launches*, FoodNavigator USA, *available at* https://www.foodnavigator-usa.com/Article/2023/12/07/Sugar-reduction-in-2024-How-consumer-demands-health-policies-will-influence-product-launches.

*Willis Albrigo v. Sunny Delight Beverages Co.*
CLASS ACTION COMPLAINT

in 2024 and beyond" and, "[z]ero-sugar has gradually 'replaced what used to be the diet' trend and has become a claim consumers seek out on pack."[6]

19.    As a result, Sunny Delight knew that it could charge higher prices, and gain a significant market share advantage for its Seltzer if it advertised the beverage as containing "0g SUGAR."

## IV.    THE SELTZER LABEL VIOLATES CALIFORNIA AND FEDERAL LAW

20.    The Seltzer and "0g SUGAR" label claims violate California Business & Professions Code §§ 25170 *et seq.*, which govern labels of spirits sold in California and make unlawful the sale of any spirits that "do not conform in all respects to the federal standards established pursuant to the regulations issued under the Federal Alcohol Administration Act (27 U.S.C. §§ 201 *et seq.*)," *see* Cal. Bus. & Prof. Code § 25171.

21.    The Alcohol and Tobacco Tax and Trade Bureau ("TTB") is responsible for regulating, through the Federal Alcohol Administration Act ("FAA"), the labeling and advertising of wine, distilled spirits, and malt beverages at the federal level. According to the TTB, the "FAA Act provides for regulation of those engaged in the alcohol beverage industry, and for protection of consumers."[7] Moreover, the FAA "includes provisions to preclude unfair trade practice," which include "the marketing promotional practices concerning the sale of alcohol beverages."[8]

22.    Specifically, TTB's regulations "are written to prevent the deception of the consumer and provide them with 'adequate information' as to the identity and quality of the product, to prohibit false or misleading statements, and to provide information as to the alcohol content of the product."[9] These include prohibitions on "[g]eneral statements that are

---

[6] *Id.*

[7] TTB, Federal Alcohol Administration Act, *available at* https://www.ttb.gov/trade-practices/federal-alcohol-administration-act

[8] *Id.*

[9] https://www.ttb.gov/consumer/alcohol-beverage-labeling-and-advertising

false, untrue, or misleading."[10] *See* 27 U.S.C. § 205 (prohibiting the sale of any spirits that bear any "false [or] misleading" label claims).

23.    The challenged claims are false and misleading for the reasons described herein, in violation of 27 U.S.C. § 205. Defendant accordingly also violated California's Business and Professions Code, prohibiting the sale of any spirits that "do not conform in all respects to the federal standards established pursuant to the regulations issued under the Federal Alcohol Administration Act," *see* Cal. Bus. & Prof. Code § 25171.

## V.    PLAINTIFF'S PURCHASE, RELIANCE, AND INJURY

24.    Plaintiff purchased Sunny D Seltzer on several occasions. She purchased the standard orange variety on at least two occasions and the multipack containing orange strawberry and orange pineapple one time. She first purchased the Sunny D Seltzer in around June 2023 and then again, about once per month, through each of the summer months in 2023. As best she can recall, she made all of her purchases from Vons and BevMo stores in San Diego. When purchasing the Seltzer, Plaintiff was looking for an alcohol seltzer that had no sugar, she read and relied on Defendant's labeling claim that the Seltzer contained "0g SUGAR," and reasonably believed the Seltzer was totally free from sugar, *i.e.*, contained no sugar at all.

25.    Plaintiff is not a nutritionist, food expert, or food scientist, but rather a lay consumer who does not have any specialized knowledge. Plaintiff acted reasonably in relying on the label claim, which Defendant intentionally placed on the Seltzer's packaging intending to induce average consumers into purchasing the product.

26.    Plaintiff would not have purchased the Seltzer, or would not have been willing to pay as much for it, if she knew the "0g SUGAR" labeling claim was false and that the Seltzer, in fact, contained sugar. Similarly, Plaintiff would not have purchased the Seltzer, or

---

[10]    TTB, Alcohol Beverage Advertising, *available at* https://www.ttb.gov/images/fact_sheets/ttb-advertising.pdf

would have only been willing to pay less for it, if she had known it was being sold in violation of state and federal law.

27.    The Seltzer cost more than similar products without misleading labeling and would have cost less absent Defendant's false statement.

28.    Through the misleading labeling claim, Defendant was able to gain a greater share of the alcohol seltzer market than it otherwise  would have, and increased the size of the market to its benefit.

29.    For these reasons, the Seltzer was worth less than what Plaintiff and other Class Members paid.

30.    Plaintiff and the Class lost money because of Defendant's deceptive claims and practices in that they did not receive what they paid for when purchasing the Seltzer.

31.    Plaintiff continues to desire to purchase sugar-free alcoholic beverages, including seltzers. Plaintiff also continues to see the Sunny D Seltzer at stores when she shops. She would purchase the Sunny D Seltzer in the future if it was truthfully labeled and contained no sugar. But because the Seltzer does not bear a nutrition facts box, as none are required on alcoholic beverages, unless Defendant is enjoined from misrepresenting the Seltzer's sugar content, Plaintiff will have no way of readily knowing whether the Seltzer actually contains sugar in the future and will be at risk of being deceived again.

32.    Plaintiff's substantive right to a marketplace free of fraud, where she is entitled to rely on representations such as those made by Defendant with confidence continues to be violated every time Plaintiff is exposed to the misleading labeling claims.

33.    Plaintiff's legal remedies are inadequate to prevent these future injuries.

## CLASS ACTION ALLEGATIONS

34.    While reserving the right to redefine or amend the class definition prior to or as part of a motion seeking class certification, pursuant to Federal Rule of Civil Procedure 23, Plaintiff seeks to represent a class of all persons in United States (the "Class"), and a Subclass of all persons in California (the "California Subclass"), who, at any time from four years preceding the date of the filing of this Complaint to the time a class is notified (the "Class

Period"), purchased, for personal or household use, and not for resale or distribution, the Sunny D Vodka Seltzer.

35.     The members in the proposed Class and California Subclass are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all Class Members in a single action will provide substantial benefits to the parties and Court.

36.     Questions of law and fact common to Plaintiffs and the Class and California Subclass include:

      a.     whether Defendant communicated a message through its packaging and advertising that the Seltzer contained no sugar;

      b.     whether that message was material, or likely to be material, to a reasonable consumer;

      c.     whether the Seltzer, in fact, contained no sugar;

      d.     whether the challenged "0g SUGAR" claim is false, misleading, or reasonably likely to deceive a reasonable consumer;

      e.     whether Defendant's conduct violates public policy;

      f.     whether Defendant's conduct violates state or federal statutes or regulations;

      g.     the proper amount of damages, including punitive damages;

      h.     the proper amount of restitution;

      i.     the proper scope of injunctive relief; and

      j.     the proper amount of attorneys' fees.

37.     These common questions of law and fact predominate over questions that affect only individual Class Members.

38.     Plaintiff's claims are typical of Class Members' claims because they are based on the same underlying facts, events, and circumstances relating to Defendant's conduct. Specifically, all Class Members, including Plaintiff, were subjected to the same misleading and deceptive conduct when they purchased the Seltzer and suffered economic injury because the Seltzer was misrepresented. Absent Defendant's business practice of deceptively and

unlawfully labeling the Seltzer, Plaintiff and other Class Members would not have purchased the Seltzer, or would have paid less for it.

39.    Plaintiff will fairly and adequately represent and protect the interests of the Class and California Subclass, has no interests incompatible with the interests of the Class and California Subclass, and has retained counsel competent and experienced in class action litigation, and specifically in litigation involving false and misleading advertising.

40.    Class treatment is superior to other options for resolution of the controversy because the relief sought for each Class Member is small, such that, absent representative litigation, it would be infeasible for Class Members to redress the wrongs done to them.

41.    Defendant has acted on grounds applicable to the Class, thereby making appropriate final injunctive and declaratory relief concerning the Class as a whole.

42.    As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3).

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Violations of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.***
**(On behalf of the California Subclass)**

43.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

44.     The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

45.    The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute business acts and practices.

### Fraudulent

46.    A statement or practice is fraudulent under the UCL if it is likely to deceive a significant portion of the public, applying an objective reasonable consumer test.

47.    As set forth herein, Defendant's "0g SUGAR" claim relating to the Seltzer is likely to deceive reasonable consumers and the public.

9

### **Unlawful**

48.     The acts alleged herein are "unlawful" under the UCL in that they violate at least the following laws:

• The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*;

• The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*;

• The Federal Alcohol Administration Act, 27 U.S.C. §§ 201 *et seq.*; and

• The California Bus. & Prof. Code §§ 205 *et seq.*

49.     By violating these laws, Defendant has engaged in unlawful business acts and practices, which constitute unfair competition within the meaning of Business & Professions Code § 17200.

50.     Because Plaintiff's "unlawful" claims, including that Defendant violated state and federal regulations, include no requirement that the public be likely to experience deception, and thus, the "reasonable consumer test" is not an element of the "unlawful claims," Plaintiff's legal remedies are inadequate to fully compensate Plaintiff for all of Defendant's unlawful acts. Because Plaintiff's losses may not be fully compensated by her legal damages, her legal remedies under these laws may be considered inadequate, and thus she pleads these remedies in the alternative.

### **Unfair**

51.     Defendant's conduct with respect to the labeling, advertising, and sale of the Seltzer was unfair because Defendant's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers, and the utility of its conduct, if any, did not outweigh the gravity of the harm to its victims.

52.     Defendant's conduct with respect to the labeling, advertising, and sale of the Seltzer was and is also unfair because it violates public policy as declared by specific constitutional, statutory or regulatory provisions, including but not necessarily limited to the Federal Alcohol Administration Act and the California Business & Professions Code.

53.     Defendant's conduct with respect to the labeling, advertising, and sale of the Seltzer was and is also unfair because the consumer injury was substantial, not outweighed

by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided. Specifically, the increase in profits obtained by Defendant through the false labeling does not outweigh the harm to California Subclass Members who were deceived into purchasing the Seltzer believing it contained no sugar.

54.    Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Seltzer to unwary consumers.

55.    Plaintiff and other California Subclass Members are likely to continue to be damaged by Defendant's deceptive trade practices, because Defendant continues to disseminate misleading information. Thus, injunctive relief enjoining Defendant's deceptive practices is proper.

56.    Defendant's conduct caused and continues to cause substantial injury to Plaintiff and other California Subclass Members, who have suffered injury in fact as a result of Defendant's unlawful conduct.

57.    In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices.

58.    Plaintiff also seeks an order for the restitution of all monies from the sale of the Seltzer, which were unjustly acquired through acts of unlawful competition.

59.    Because Plaintiff's claims under the "unfair" prong of the UCL sweep more broadly than her claims under the CLRA and commercial code, Plaintiff's legal remedies are inadequate to fully compensate Plaintiff and the California Subclass Members for all of Defendant's challenged behavior.

60.    Moreover, because the Court has broad discretion to award restitution under the UCL and could, when assessing restitution under the UCL, apply a standard different than that applied to assessing damages under the CLRA or commercial code (for Plaintiff's breach of warranty claims), and restitution is not limited to returning to Plaintiff and other California Subclass members monies in which they have an interest, but more broadly serves to deter the offender and others from future violations, the legal remedies available under the CLRA

11

and commercial code are more limited than the equitable remedies available under the UCL, and are therefore inadequate.

### SECOND CAUSE OF ACTION

**Violations of the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.***
**(On behalf of the California Subclass)**

61.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

62.    The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

63.    It is also unlawful under the FAL to disseminate statements concerning property or services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Id*.

64.    As alleged herein, the advertisements, labeling, policies, acts, and practices of Defendant relating to the Seltzer misled consumers acting reasonably as to the sugar content of the products.

65.    Plaintiff suffered injury in fact as a result of Defendant's actions as set forth herein because Plaintiff purchased the Seltzer in reliance on Defendant's false and misleading marketing claims stating or suggesting that the Seltzer contains no sugar.

66.    Defendant's business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising pursuant to the FAL because Defendant has advertised the Seltzer in a manner that is untrue and misleading, which Defendant knew or reasonably should have known, and omitted material information from the Seltzer's labeling.

67.    Defendant profited from the sale of the falsely and deceptively advertised Seltzer to unwary consumers.

68.    As a result, Plaintiff, the California Subclass, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

69.    Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff, on behalf of herself and the California Subclass, seeks an order enjoining Defendant from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

70.    Because the Court has broad discretion to award restitution under the FAL and could, when assessing restitution under the FAL, apply a standard different than that applied to assessing damages under the CLRA or commercial code (for Plaintiff's breach of warranty claims), and restitution is not limited to returning to Plaintiff and other California Subclass members monies in which they have an interest, but more broadly serves to deter the offender and others from future violations, the legal remedies available under the CLRA and commercial code are more limited than the equitable remedies available under the FAL, and are therefore inadequate.

### THIRD CAUSE OF ACTION

**Violations of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.***
**(On behalf of the California Subclass)**

71.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

72.    The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

73.    Defendant's false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Seltzer for personal, family, or household purposes by Plaintiff and other California Subclass Members, and violated and continue to violate the following sections of the CLRA:

a. § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;

b. § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

c. § 1770(a)(9): advertising goods with intent not to sell them as advertised; and

d. § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

74.     Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Seltzer to unwary consumers.

75.     Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

76.     Pursuant to California Civil Code § 1782, more than 30 days before filing this lawsuit, Plaintiff sent written notice of her claims and Defendant's particular violations of the Act to Defendant by certified mail, return receipt requested, but Defendant has failed to implement remedial measures.

77.     As a result, Plaintiff and the Class have suffered harm, and therefore seek (a) actual damages resulting from purchases of the Seltzer sold throughout the Class Period to all Class Members, (b) punitive damages, (c) injunctive relief, (d) restitution, and (e) attorneys' fees and costs. *See* Cal. Civ. Code § 1782(d).

78.     In compliance with Cal. Civ. Code § 1780(d), Plaintiff's affidavit of venue is filed concurrently herewith.

### FOURTH CAUSE OF ACTION

### Breaches of Express Warranties, Cal. Com. Code § 2313(1)

### (On behalf of the California Subclass)

79.     Plaintiffs reallege and incorporate the allegations elsewhere in the Complaint as if set forth in full herein.

80.   Through the Seltzer's labeling, Defendant made affirmations of fact or promises, or description of goods, that, *inter alia*, the Seltzer contained "0g SUGAR."

81.   These representations were "part of the basis of the bargain," in that Plaintiff and the California Subclass Members purchased the Seltzer in reasonable reliance on those statements. Cal. Com. Code § 2313(1).

82.   Defendant breached its express warranties by selling Seltzer that is not free of sugar, but rather contains sugar.

83.   That breach actually and proximately caused injury in the form of the lost purchase price that Plaintiff and California Subclass Members paid for the Seltzer.

84.   As a result, Plaintiff seeks, on behalf of herself and other Class Members, actual damages arising as a result of Defendant's breaches of express warranty, including, without limitation, expectation damages.

## FIFTH CAUSE OF ACTION

### Breach of Implied Warranty of Merchantability, Cal. Com. Code § 2314

### (On behalf of the California Subclass)

85.   Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

86.   Through the Seltzer Products' labeling, Defendant made affirmations of fact or promises, or description of goods, that, *inter alia*, the Seltzer contained "0g SUGAR."

87.   Defendant is a merchant with respect to the goods of this kind which were sold to Plaintiff and the California Subclass, and there was, in the sale to Plaintiff and other consumers, an implied warranty that those goods were merchantable.

88.   However, Defendant breached that implied warranty in that the Seltzer Products do contain sugar.

89.   As an actual and proximate result of Defendant's conduct, Plaintiff and the Class did not receive goods as impliedly warranted by Defendant to be merchantable in that they did not conform to promises and affirmations made on the container or label of the goods.

90.     As a result, Plaintiff seeks actual damages, including, without limitation, expectation damages.

## SIXTH CAUSE OF ACTION
## Negligent Misrepresentation
## (On behalf of the Class)

91.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

92.     As alleged above, Defendant misrepresented the sugar content of the Seltzer and omitted that the Seltzer contains sugar. These misrepresentations and omissions constituted a material fact in that a consumer's decision to purchase the Seltzer would be influenced by whether there is sugar in the product.

93.     Defendant's misrepresentations and omissions were made in the course of business transactions (the marketing, advertisement, sale, and purchase of the Seltzer) in which both Plaintiff and Defendant have a pecuniary interest.

94.     Defendant knew or should have known that its "0g SUGAR" representations and omissions regarding the Seltzer's sugar content were false or misleading and it failed to exercise reasonable care in dissemination of its labels and in its marketing and advertising.

95.     Defendant possesses superior knowledge regarding the sugar content of the Seltzer. Such knowledge is not readily available to consumers like Plaintiff and other Class Members.

96.     Defendant has a duty to provide consumers, like Plaintiff and other Class Members, with accurate and truthful information and to not provide them with false information when they are marking purchasing decisions regarding the Seltzer.

97.     Plaintiff and other Class Members lack the expertise and knowledge that Defendant possesses, and therefore must rely on Defendant to provide truthful and complete information.

98.     Defendant knew or should have known that Plaintiff and other consumers rely on its labeling, including its representations and omissions.

99.    Plaintiff's injuries were proximately caused by Defendant's misrepresentations and omissions. Plaintiff viewed Defendant's labels prior to purchasing the Seltzer, and the representations and omissions prompted Plaintiff to purchase the Seltzer. Had Plaintiff been aware of Defendant's misrepresentations and omissions, she would not have been willing to purchase the Seltzer or, at least, would not have purchased it at price she paid.

100.    Defendant's misrepresentations regarding the Seltzer are material to a reasonable consumer because they relate to bodily health, and reasonable consumers would attach importance to such representations and omissions, which would influence their purchasing decision.

101.    As a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff and other Class Members have suffered economic losses and other general and specific damages, in the amount of the Seltzer's purchase prices, or some portion thereof, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

### Intentional Misrepresentation

### (On behalf of the Class)

49.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

102.    Defendant marketed the Seltzer in a manner conveying to reasonable consumers that it contains no sugar, which is false. Therefore, Defendant has made misrepresentations about the Seltzer.

103.    Defendant's misrepresentations regarding the Seltzer are material to a reasonable consumer because they relate to bodily health. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

104.    At all relevant times, Defendant knew that the misrepresentations were false, or has acted recklessly in making the misrepresentations, without regard to their truth.

105. Defendant intended that Plaintiff and other consumers rely on these misrepresentations on the Seltzer's packaging.

106. Plaintiff and other Class Members have reasonably and justifiably relied on Defendant's intentional misrepresentations when purchasing the Seltzer. Had the correct facts been known, they would not have purchased the Seltzer, or at least at the prices at which the Seltzer was offered.

107. As a direct and proximate result of Defendant's intentional misrepresentations, Plaintiff and other Class Members have suffered economic losses and other general and specific damages, in the amount of the Seltzer Products' purchase prices, or some portion thereof, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION

### Unjust Enrichment

### (On behalf of the Class)

108. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

109. Plaintiff and Class Members conferred upon Defendant an economic benefit, in the form of profits resulting from the purchase and sale of the Seltzer.

110. Defendant's financial benefits resulting from its unlawful and inequitable conduct are economically traceable to Plaintiff's and Class Members' purchases of the Seltzer, and the economic benefits conferred on Defendant are a direct and proximate result of its unlawful and inequitable conduct.

111. It would be inequitable, unconscionable, and unjust for Defendant to be permitted to retain these economic benefits because the benefits were procured as a direct and proximate result of its wrongful conduct.

112. As a result, Plaintiff and other Class Members are entitled to equitable relief including restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which may have been obtained by Defendant as a result of such business practices.

## **PRAYER FOR RELIEF**

113.   Wherefore, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against Defendant as to each and every cause of action, and the following remedies:

a.      An Order declaring this action to be a proper class action, appointing Plaintiff as Class Representative, and appointing Plaintiff's undersigned counsel as Class Counsel;

b.      An Order requiring Defendant to bear the cost of Class Notice;

c.      An Order compelling Defendant to destroy all misleading and deceptive advertising materials and product labels, and to recall all offending Seltzer;

d.      An Order requiring Defendant to disgorge all monies, revenues, and profits obtained by means of any wrongful act or practice;

e.      An Order requiring Defendant to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, or untrue or misleading advertising, plus pre-and post-judgment interest thereon;

f.      An Order requiring Defendant to pay compensatory damages and punitive damages as permitted by law;

g.      An award of attorneys' fees and costs; and

h.      Any other and further relief that Court deems necessary, just, or proper.

## **JURY DEMAND**

114.   Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: February 29, 2024          /s/ Trevor Flynn
                                  **FITZGERALD MONROE FLYNN PC**
                                  JACK FITZGERALD
                                  *jfitzgerald@fmfpc.com*
                                  MELANIE R. MONROE
                                  *mmonroe@fmfpc.com*
                                  TREVOR FLYNN

19

*tflynn@fmfpc.com*
CAROLINE S. EMHARDT
*cemhardt@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741

**Counsel for Plaintiff**

*Willis Albrigo v. Sunny Delight Beverages Co.*
CLASS ACTION COMPLAINT